# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Devon Swan Leon (2017-0218036), )
)
      Plaintiff, )
) Case No. 19 C 4352
   v. )
) Judge John Robert Blakey
Thomas J. Dart, et al., )
)
      Defendants. )

## ORDER

The Court's show cause order is discharged. Plaintiff's renewed application for leave to proceed *in forma pauperis* [6] is granted. Plaintiff's additional application for leave to proceed *in forma pauperis* [7] is denied as moot. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $11.54 from Plaintiff's account for payment to the Clerk as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The trust fund officer is directed to collect the filing fee in this matter and Plaintiff's two other filed cases as addressed below. The Court directs the Clerk of Court to (1) electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail; (2) file Plaintiff's complaint [1]; (3) dismiss Defendants Dart and Cook County Department of Corrections; (4) issue summons for service of the complaint on Defendant Philips by the U.S. Marshal; and (5) send Plaintiff one blank USM-285 (Marshals service) form, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for Defendant. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendant.

## STATEMENT

Plaintiff Devon Swan Leon, a detainee at Cook County Jail, brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging a correctional officer failed to intervene during an assault. Currently before the Court are Plaintiff's response to the Court's show cause order regarding false information provided in his application to proceed *in forma pauperis*, his renewed application to proceed *in forma pauperis*, and his complaint for initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff was ordered to show good cause why the matter should not be dismissed considering his failure to properly disclose the receipt of monetary gifts in his application for leave to proceed *in forma pauperis*. Plaintiff has responded [6], contending that he never intended to lie about his income.

The show cause order is discharged. Plaintiff did respond, indicating he made an inadvertent mistake. The Court will give Plaintiff the benefit of the doubt at this time and the matter will not be dismissed based on the incorrect information in the application to proceed *in forma pauperis*. Plaintiff is admonished that he must carefully review all filings with the Court before their submission; he will not again receive the benefit of the doubt.

Plaintiff's renewed application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $11.54 to the Clerk for payment of the initial partial filing fee; and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

In addition, the Court notes that it has granted Plaintiff leave to proceed *in forma pauperis* in two other recently filed lawsuits. *See* 18-cv-4630 and 18-cv-8083. Thus, he is again advised that monthly installment payments are assessed using a per-case approach, under which fee obligations cumulate, *i.e.,* an inmate pays 20% of his monthly income for *each* case or appeal in which he is allowed to proceed *in forma pauperis. See Bruce v. Samuels*, — U.S. —, 136 S. Ct. 627, 629 (2016). As Plaintiff has now been granted *in forma pauperis* status in three cases, the trust account custodian at Plaintiff's place of incarceration will deduct 60% of his monthly balance each time that balance exceeds $10 until his filing fee obligations are paid in full. The filing fees will remain Plaintiff's obligation even if he is transferred to another facility.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule

of Civil Procedure 12(b)(6).  *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on April 2, 2019, he was attacked by another detainee in the bullpen while awaiting to go to court. [1], p. 6. Officer Philips was in the area but failed to assist and made a joke about Plaintiff yelling for help. *Id*. Plaintiff did not receive assistance until it was time for him to go to court. *Id*. Plaintiff names Sheriff Thomas Dart, Officer Philips, and Cook County Department of Corrections as Defendants.

Accepting Plaintiff's factual allegations as true, the Court finds that the complaint arguably states a federal claim against Officer Philips for his failure to intervene during/after the assault. But Plaintiff has not stated a claim against Sheriff Dart. Plaintiff seeks to hold Sheriff Dart liable because he is the "head" supervisor. Sheriff Dart cannot be held liable based on a theory of *respondent superior* liability. There is no *respondeat superior* liability under § 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Accordingly, Sheriff Dart is dismissed without prejudice. In addition, Cook County Department of Corrections is dismissed because it is not a suable entity. *Castillo v. Cook County Mail Room Dep't.*, 990 F.2d 304, 307 (7th Cir. 1993).

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Philips. The Court directs the Clerk to mail Plaintiff one blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for service on Defendant. The Marshal will not attempt to serve Defendant unless and until the required forms are received. Plaintiff must therefore complete and return a service form for Defendant, and failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendant. The Court directs the Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of the Cook County Jail who can no longer be found at the work address provided by Plaintiff, Cook County officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Dated: March 9, 2020

Entered:

_____
John Robert Blakey
United States District Judge